Nils RISDAL, Lief M. K. Mikelsen, Anna Helene Mikelsen and Anna Risdal

v.

UNIVERSAL INSURANCE COMPANY.

No. 63–45.

United States District Court
D. Massachusetts.

July 16, 1964.

———◆———

Herbert C. Splane, Boston, Mass., for plaintiffs.

Joseph F. Dolan, Boston, Mass., for defendant.

JULIAN, District Judge.

Plaintiffs have moved for summary judgment under Admiralty Rule 58 on their petition for a declaratory judgment brought under Admiralty Rule 59.

The facts are undisputed.

The plaintiffs were insured by the defendant corporation under a standard form of marine hull policy (Exh. 1) with respect to their fishing vessel "Eunice & Lillian" from March 26, 1958, to March 26, 1959, in the sum of $30,000.

The policy provided that the vessel, "for so much as concerns the Assured, by agreement between the Assured and Underwriters * * * is and shall be valued at $30,000."

The policy further provided that it was a condition of the policy and warranted by the assured that there should be "no insurance for or on account of the Assured upon any other interest than hull, freight (if at risk of the Assured), cargo, Protection and Indemnity or stranding and collision liability."

The plaintiffs did not lead the defendant to believe that the actual value of the "Eunice & Lillian" was in fact $30,000.

On June 11, 1958, the "Eunice & Lillian" was sunk and totally lost as the result of a collision with the fishing vessel "Clipper." The defendant thereupon paid the plaintiffs $30,000 under the policy.

The owner of the "Clipper" petitioned for limitation of liability in the U. S. District Court for the Southern District of New York, later transferring the proceeding to the District Court of Massachusetts. The defendant, by way of subrogation to the plaintiffs' rights against a third-party tortfeasor, filed a claim for collision damage in the limitation of liability proceeding. The defendant, as subrogee of the plaintiffs, also petitioned for limitation of liability of the "Eunice & Lillian" in this District Court. The owner of the "Clipper" filed therein a collision damage claim. These limitation proceedings were consolidated by order of this Court.

The defendant and the owner and insurers of the "Clipper" compromised and settled the limitation of liability proceedings and the cross collision claims on a "both to blame" basis. The settlement of the cross claims was based on the actual value of the "Eunice & Lillian," namely, $60,000, which value was established by the defendant as subrogee of the plaintiffs. Since the damage to the "Clipper" was negligible, the owner and insurers of the "Clipper" agreed to pay to the defendant and its proctor the sum of $29,535, without costs, in settlement of the collision cross claims.

Following the agreement a final decree was entered in the consolidated limitation of liability proceedings, awarding $29,535 to the plaintiffs, without costs. The plaintiffs moved to intervene for a determination of their rights in the fund, but intervention was denied for the reason that the award was to the plaintiffs.

The owner or insurers of the "Clipper" have issued a check in the amount of $29,535 to their proctor payable to the plaintiffs and to the proctor of the defendant. The plaintiffs demanded that they be paid one half of the award less one half of a reasonable proctor's fee and expenses, but the defendant refused to allow its proctor to endorse the check and to turn over to the plaintiffs the amount demanded.

A controversy exists within the meaning of 28 U.S.C. § 2201 between the plaintiffs and the defendant as to what disposition is to be made of the fund of $29,535.

The plaintiffs pray that this Court by its judgment declare that they are entitled to one half of the fund less one half of a reasonable proctor's fee and expenses. The defendant claims that it is entitled to the entire fund of $29,535 and prays for a declaratory judgment to that effect.

The plaintiffs take the position that since the actual value of the lost vessel was determined to be $60,000 and the amount of the insurance policy was only $30,000, they were co-insurers of the vessel to the extent of the uninsured $30,000 of the actual value, and that they are therefore entitled to a proportionate share of the award recovered from the owner of the "Clipper."

The defendant, in effect, contends that upon payment of the sum of $30,000 under the policy it became subrogated not merely to the benefit of one half of the plaintiffs' claim against the owner of the "Clipper," but to the plaintiffs' entire claim up to $30,000, even though the claim and the award were in fact based on an actual value of $60,000 and the defendant's policy was issued on a stipulated value of $30,000 and covered but one half of the actual value of the plaintiffs' vessel.

Co-insurance has been defined as "a relative division of the risk between the insurer and the insured, depending upon the relative amount of the policy and the actual value of the property insured." 9 Couch, Insurance (1962 ed.) § 37:1375.

■ Subrogation is an equitable remedy. It is based on general principles of justice and does not spring from contract although it may be confirmed or qualified by contract.

The insurance policy is silent on both co-insurance and subrogation.

■ When under a valued hull policy the vessel is undervalued, and with respect to its actual value is underinsured, the insured is a co-insurer with the insurance company. Aetna Insurance Co. v. United Fruit Co., 1937, 2 Cir., 92 F.2d 576, affirmed in 304 U.S. 430, 58 S.Ct. 959, 82 L.Ed. 1443 (1938). The Court of Appeals, at page 579, states:

"* * * there can be no inequity in letting in the owner as coinsurer, unless a contrary stipulation is to be implied in the policy; for the underlying understanding in any sort of insurance is that the insured is to be made whole at the insurer's expense; not that the insurer is to be preferred. * * *"

In affirming the decision of the Court of Appeals, the Supreme Court (pp. 434–435, 58 S.Ct. p. 961) explained the significance of the valuation clause in a valued policy as follows:

"We think that the valuation clause in its usual form does not operate as an estoppel or by agreement to foreclose proof that actual value exceeds agreed value when the question is of the insurer's right to subrogation. The application of the agreed value to the insurance adjustment does not depend upon estoppel * * * and there can be no basis for an estoppel at least where, as here, the policy provisions undertake to indemnify the insured irrespective of the value

of the vessel and contemplate that the insured may effect other insurance. The valuation stipulation fixes in advance of loss the value of the vessel, so as to avoid the necessity of proof of value in order to establish the extent of the liability assumed on the policy. The agreed value, honestly arrived at, thus stands in the place of prime value under an open marine policy * * * and resembles, in its practical operation, a stipulation for liquidated damages.

"But beyond its controlling effect in determining the insurance liability, the clause does not operate to exclude proof of actual value when relevant."

The Supreme Court also pointed out (pp. 435–436, 58 S.Ct. p. 961) that the "peculiar rule of the insurer's liability for partial loss to hull when repairs are made does not depend on the valuation clause and affords no basis for treating it as excluding the insured as co-insurer when there is a total loss."

■ On the facts of the present case I hold that the plaintiffs were co-insurers with the defendant of the "Eunice & Lillian" to the extent of one half of the actual value of the vessel.

Since the risk retained by the plaintiffs upon a total loss of the vessel was in the same amount as that assumed by the defendant under the insurance policy, the plaintiffs are entitled to an equal share of the amount recovered from the owner of the "Clipper."

If the defendant's claim to the entire fund were upheld, the insurer would be made whole at the expense of the insured. There is nothing in the policy that entitles the insurer to such preference, and it would be inequitable to make the insurer the beneficiary of that portion of the amount recovered from the owner of the "Clipper" which is attributable to the uninsured loss sustained by the plaintiffs.[1]

1. A case with facts strikingly similar to those present here is The St. Johns, 1900, D.C.S.D.N.Y., 101 F. 469. That case stands for the principle contended for by the defendant and would not allow these plaintiffs to participate as co-in-

I therefore rule that the plaintiffs **are** entitled to one half of the fund in question after deducting from the fund a reasonable proctor's fee and expenses.

Judgment will be entered declaring that after deducting from the fund of $29,535 a reasonable proctor's fee and expenses the plaintiffs are entitled to one half of the remainder and the defendant is entitled to the other half.

surers. The reasoning and the basis for the decision in The St. Johns, however, have been rejected in The Livingstone, 1904, 2 Cir., 130 F. 746, and in the Aetna cases cited in the body of the opinion.